# SUPREME COURT.

THE JEROME COMPANY agt. LOEB & Co., and LEOPOLD HAAS.

E. N. WELCH MANUFACTURING COMPANY agt LOEB & Co., and LEOPOLD HAAS.

*Injunction — under section 604 of the Code of Civil Procedure — when will not be granted.*

Where the action was to recover damages for false representations, made by the defendants, except H., by which plaintiffs parted with a large amount of goods, and while judgment is asked against the defendants, other than H., for the amount so lost, the suit is against H. to restrain him from parting with, or disposing of, goods assigned to him, pending the action :

*Held,* that under a proper construction of section 604, subdivision 2, an injunction should not be granted.

*At Chambers, November,* 1880.

THE Jerome Company and the E. N. Welch Manufacturing Company, both Connecticut corporations, doing business in this city, brought suits in the supreme court against the firm of Loeb & Co. and  opold Haas, to recover from Loeb & Co. for goods sold, and for damages for false representations, and to restrain the defendant Haas, pending the action, from disposing of goods belonging to Loeb & Co., removed by him from their branch house at Toronto, Canada, under power of attorney, from Loeb & Co., when the firm was financially embarrassed. The case was before judge DONOHUE in supreme court, chambers, upon a motion on behalf of defendant Haas

to dissolve a preliminary injunction. The motion was granted, the court giving the following opinion:

*Frederic B. Jennings*, for plaintiffs.

*Richard S. Newcombe*, for defendant Haas.

DONOHUE, *J.* — This action is to recover damages for false representations made by the defendants, except Haas, by which plaintiffs parted with a large amount of goods; and while judgment is asked against the defendants, other than Haas, for the amount so lost, the suit is against Haas to restrain him from parting with or disposing of goods assigned to him pending the action. The plaintiff claims that section 604, subdivision 2, of the Code, provides that remedy. There is no doubt, in its unlimited construction, that subdivision will bear that interpretation; but taking the law as it stood, which in the Code was simply codified, the sense of the whole section, including the subdivision, is clear. There were two classes of cases provided for; first, one for the disposition of the goods, the equitable title to which was in contest, and, second, the general power of the court to restrain a judgment debtor from putting it out of the power of the court to reach his property were he not enjoined. A construction that would give the present plaintiff, before judgment, the injunction sought to be continued could be invoked in a replevin suit, and thus a plaintiff, without giving more security than $250 on an injunction, would tie up all a defendant's property which plaintiff might claim, and make the defendants its forced custodian pending a suit. In a libel suit, or a suit for slander or assault and battery, or any suit sounding in damages, the same result would follow. It may be said that while this action sounds in damages it is really upon contract. This does not help the matter. The plaintiff must sustain the fraud or fail; and he asks to restrain the disposal of all defendant's property pending that issue. It would be useless

to reason out the result of such a course.  Any person can see what consequences would follow.  I do not wish to be understood as saying that if the action had been on contract simply the same result would not be reached.

Motion granted.